```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

CARLOS OAXACA, HALIBUL ALAM and JUAN
ESPINAL,

                Plaintiffs,

     - against -                              MRMORANDUM AND ORDER

                                              13-CV-2698 (MDG)

HUDSON SIDE CAFE INC. (d/b/a ZACK'S
PIZZA AND PAPO'S CHICKEN), MOHAMMAD
SAIN and PARU KHAN,

                Defendants.

- - - - - - - - - - - - - - - - - - -X
```

GO, United States Magistrate Judge:

In this action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL"), §§ 190 et seq. and 650 et seq., to recover unpaid overtime wages, spread-of-hours pay, and other statutory damages, this Court issued Findings of Fact and Conclusions of Law following a bench trial (DE 12) finding defendants Hudson Side Cafe Inc. and Peru Khan liable to only to plaintiff Carlos Oaxaca for damages, but not to plaintiffs Halibul Alam and Juan Espinal.

In a motion filed on October 5, 2018, his attorneys seeking an award of $32,015.00 for fees and $906.00 in costs, for a total of $32,921.52. See Affidavit of Joseph Androphy filed 10/5/2018 ("Androphy Aff.") (DE 30) at 1.

**DISCUSSION**

I.  **Applicable Legal Standard**

Under both the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys fees. See 29 U.S.C. 216(b); N.Y. Lab. Law 663(1).  Plaintiff bears the burden of proving the reasonableness of the fees sought.  See Savoie v. Merchs. Bank, 166 F.3d 456, 463 (2d Cir. 1999).  In considering an application for attorneys fees, the Court must first determine the presumptively reasonable fee.  See Arbor Hill Concerned Citizens Neighborhood Assn v. Cty. of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008).  This presumptively reasonable fee - or lodestar  The lodestar is the product of the number of hours reasonably expended on the litigation  and a reasonable hourly rate.  See Arbor Hill, 522 F.3d at 183 ("The fee - historically known as the 'lodestar'- to which [ ] attorneys are presumptively entitled is the product of hours worked and an hourly rate.").  - is essentially what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citing Arbor Hill, 522 F.3d at 190) (internal quotations omitted).

Courts can and should exercise broad discretion in determining a reasonable fee award.  See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) ("The court necessarily has discretion in making this equitable judgment."); Arbor Hill, 522 F.3d at 190 (referencing the courts "considerable discretion").  The method for determining

reasonable attorneys fees in this Circuit is based on a number of factors, such as the labor and skill required, the difficulty of the issues, the attorneys customary hourly rate, the experience, reputation and ability of the attorney, and awards in similar cases. See Arbor Hill, 522 F.3d at 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates awarded in the district in which the reviewing court sits. This is known as the "forum rule." See Simmons, 575 F.3d at 174-75 (recounting history of the forum rule); see also Arbor Hill, 522 F.3d at 191 ("We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.").

Once the Court determines the reasonable hourly rate, it must multiply that rate by the number of hours reasonably expended, in order to determine the presumptively reasonable fee. See Arbor Hill, 522 F.3d at 190. With very limited exceptions, "contemporaneous time records are a prerequisite for attorneys fees in this Circuit." N.Y. State Assn for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983). The Court must review these time records and the hours an attorney billed in order to determine the reasonableness of such and, in doing so, should examine the value of the work product and "'exclude excessive, redundant or otherwise unnecessary hours.'" Concrete Flotation Sys., Inc. v. Tadco Constr. Corp., No. 07-CV-319 (ARR) (VVP), 2010 WL 2539771, at *5 (E.D.N.Y. Mar. 15, 2010) (quoting Quaratino v.

Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 2009)), adopted, 2010 WL 2539661 (E.D.N.Y. June 17, 2010); see Hensley, 461 U.S. at 434; Lunday v. City of Albany, 42 F.3d 131, 133 (2d Cir. 1994). "[A] fee award should be based on scrutiny of the unique circumstances of each case ...." McDaniel v. Cty. of Schenectady, 595 F.3d 411, 426 (2d Cir. 2010) (internal quotations and citations omitted).

In this case, plaintiffs seeks $32,015.00 in fees for the services provided by attorneys Michael Faillace, Joseph Androphy and Raquel Gutierrez. Mr. Faillace is a partner at Michael Faillace & Associates, P.C., Mr. Andropy is a serior attorney and Ms. Gutierrez, an associate at the firm. See Pl. Mem. at 9.

## II. **Reasonable Hourly Rate**

Plaintiff requests hourly rates of $450 for work performed by Michael Faillace, $400 for Joseph Androphy, and $325 for Ms. Gutierrez. See Androphy Decl. at ¶¶ 4-6.

Courts have recently held that reasonable hourly rates for partners in wage and hour cases in this district typically range from $300.00 to $400.00 for partners, $200 to $300 for senior associates, and $100 to $200 for junior associates. See Quito v. El Pedragal Rest., Corp., No. 16-CV-6634 (BMC), 2017 WL 2303979, at *2 (E.D.N.Y. May 26, 2017) (citations omitted); Xu v. JNP Bus Serv. Inc., 16-CV-245 (AMD) (ST), 2018 WL 1525799, at *10 (E.D.N.Y. Feb. 26, 2018), adopted in part and rejected in part on other grounds, 2018 WL 1525662 (E.D.N.Y. Mar. 28, 2018); Leon v. Chen, 16-CV-480(KAM)(PK), 2017 WL 1184149, at *10 (E.D.N.Y. Mar. 29, 2017) (reducing partner's rate to $350 per hour); Quiroz v. Luigi's

Dolceria, Inc., No. 14-CV-871 (VVP), 2016 WL 6311868, at *4 (E.D.N.Y. Oct. 28, 2016). Given the prevailing rates in this District, the rates requested by plaintiffs are too high. Although Mr. Faillace has had extensive experience in the area of employment law, I agree with Judge Cogan that the hourly rate of $375 that he recently awarded Mr Faillace is "consistent with the overall rates awarded to attorneys in FLSA cases." Quito, 2017 WL 2303979, at *2. See also Cohetero v. Stone & Tile, Inc., 16-CV-4420 (KAM) (SMG), 2018 WL 565717, at *5 (E.D.N.Y. Jan. 25, 2018) (awarding $375 per hour to partner with 15 years' practice experience); Martinez v. Alimentos Saludables Corp., 16 CV 1997 (DLI) (CLP), 2017 WL 5033650, at *27 (E.D.N.Y. Sept. 22, 2017) (recommending reduced award of $375 per hour for managing partner of firm).

Likewise, I find that the hourly rate of $400 sought Mr. Androphy, who graduated from law school in 2005, too high in light of the prevailing reasonable rates in thie district discussed above. However, given Mr. Androphy's extensive experience in wage cases and employment litigation, I award him an hourly rate of $325 an hour.

Last, Ms. Gutierrez was a recent law graduate when she rendered services in this case. I therefore find that $175 an hour a reasonable hourly rate in light of the prevailing hourly rate of $100 to $300 for associates in FLSA cases in this District. See Xu, 2018 WL 1525799, at *10 (collecting cases).

### III. **Reasonable Number of Hours**

Providing billing and time records, Mr. Androphy claims reimbursement for 11.8 hours of time spent by Mr. Faillace, 64.9

hours of time he spent, and two hours of time for Ms. Gutierrez.[1]
See Billing Records attached as Exhibit A, Androphy Aff. After
review of the records, I find that the time spent is generally
reasonable. However, because only one of the three plaintiffs
prevailed, some of the time claimed should be reduced, as argued by
defendants' counsel. However, I disagree that a drastic reduction
to the degree suggested is warranted. Given the language problems
of Mr. Oaxaca, the presentation of his claims benefitted from the
testimony of the other two plaintiffs and, in any event,
necessasry.. Thus, I reduce the claimed hours by 20%.

Accordingly, this Court awards attorneys' fees as follows:

| ATTORNEY | Hours | Rate | Amount |
|---|---|---|---|
| Faillace | 11.8 | $ 375.00 | $ 4,425.00 |
| Androphy | 64.9 | $ 350.00 | 22,575.00 |
| Gutierrez | 2 | $ 185.00 | 370.00 |
| | | | $ 27,370.00 |
| | | 20% reduction | (5,474.00) |
| TOTAL | | | $ 21,974.70 |

**E.   Costs**

Plaintiff further requests an award of $906.00 for costs, $400
for the filing fee and $506.00 for a court reporter. As a general
matter, a prevailing plaintiff in an action under the FLSA and the
NYLL is entitled to recover costs from the defendant. See 29
U.S.C. § 216(b); N.Y. Labor Law § 663(1). The costs sought by

---

[1] The billing sheets presented were not in a very manageable format for meaningful analysis, with the hours spent by attorneys arranged chronologically.

plaintiff are for items routinely recoverable. However, defense counsel claims that his firm paid for half the fees of the court reporter. See letter of Andrew Moulino (DE 34) at 3. Since plaintiff has not contested Mr. Moulino's statement, the Court awards plaintiff half the cost of the court report fees. Thus I award plaintiff costs of $654.00.

## CONCLUSION

For the reasons explained above, I award plaintiffs $21,974.70 in attorneys's fees and $906.00 in costs, for a total of $22,880.70.

**SO ORDERED.**

Dated: Brooklyn, New York
       October 17, 2018

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE